ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>(1) GARRY W. STROUD, INDIVIDUALLY AND D/B/A ANGELIC INTERNATIONAL, EURO CREDIT AND EXCHANGE BANK LTD., AND DIAMOND GLOBAL HOLDING TRUST<br><br>Defendant,<br><br>and<br><br>(1) ADELE LOUROS<br><br>Relief-Defendant. | Case No.:<br><br>CIV-01-999-W |

**DOCKETED**

**FILED**
JUL 30 2002
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

### FINAL JUDGMENT BY DEFAULT AGAINST RELIEF DEFENDANT ADELE LOUROS

This matter came before the Court on the motion of Plaintiff Securities and Exchange Commission, seeking entry of a final judgment by default, providing it with the relief requested in its Complaint against Relief Defendant Adele Louros ("Louros"), by reason of her failure to answer the Commission's Complaint, or otherwise appear in or defend this civil action.

The Court having considered the pleadings and declarations on file herein makes the following findings of fact and conclusions of law:

1. The Commission's Complaint against Louros was filed on June 28, 2001.

2. Louros was served with the Summons and Complaint on July 3, 2001.

3. The Commission caused the affidavit of service showing lawful and proper service on Louros to be filed with this Court on July 11, 2001.

4. Louros has not filed an answer to the Commission's Complaint, nor has she otherwise

appeared before this Court to defend in this cause.

5. Louros is not an infant or incompetent nor is she eligible for relief under the Soldiers' and Sailors' Civil Relief Act of 1940 [50 U.S.C. Appendix, § 501 *et seq.*].

6. The allegations in the Commission's Complaint as to Louros' conduct and activities are, as to her, deemed admitted.

7. The Commission is entitled to an order requiring Louros to disgorge an amount equal to the funds and benefits she obtained illegally as a result of the violations alleged in the Commission's Complaint, plus prejudgment interest on that amount.

On the basis of the foregoing findings of fact and conclusions of law,

8. IT IS ORDERED, ADJUDGED AND DECREED that Louros, within 10 days of the entry of this Final Judgment, shall disgorge $296,379, plus prejudgment interest in the amount of $21,845, plus post judgment interest at the lawful rate. All payments made pursuant to this paragraph shall be made to the Receiver in this cause, or if the Receivership is terminated prior to the full and final satisfaction of this order, then by (a) United States money order, certified check, bank cashier's check or bank money order, (b) made payable to the Securities and Exchange Commission, (c) mailed by certified mail (return receipt requested) to the Comptroller, Securities and Exchange Commission, 450 Fifth Street, N.W., Mail Stop 0-3, Washington, D.C. 20549, and submitted under cover of letter identifying Adele Louros as the relief defendant in this action, the case number of this action, the name of the Court, and the Commission's file number (FW-2357-A), with a copy of the cover letter sent to Harold F. Degenhardt, District Administrator of the Fort Worth District Office, Securities and Exchange Commission, 801 Cherry St., Suite 1900, Fort Worth, Texas 76102.

9. IT IS FURTHER ORDERED that the Receiver herein, J. Chris Condren, is authorized

to take possession of any and all property of Adele Louros located within the United States where ever found, including but not limited to the gold located in Adele Louros' "E-Gold" and/or "Gold and Silver Reserve" accounts, to satisfy in whole or in part the Court's order of disgorgement.

10. This Court shall retain jurisdiction over this action for all purposes including for purposes of entertaining any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court.

11. This final judgment may be served upon Louros by electronic mail, United States Mail, certified mail, or in person either by the United States Marshal, the Clerk of the Court, or any member of the staff or their designee of the Securities and Exchange Commission.

12. There being no just reason for delay, the Clerk of this Court is hereby directed to enter this final judgment pursuant to Rules 54(b)(1), 58 and 79 of the Federal Rules Civil Procedure.

SIGNED this 30 day of July, 2002.

LEE R. WEST
UNITED STATES DISTRICT COURT JUDGE

7.30.02