**DOCKETED**

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

NOV 1 8 2002



ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

| | |
|---|---|
| (1) SECURITIES AND EXCHANGE COMMISSION, § § Plaintiff, § § v. § § (1) GARRY W. STROUD, INDIVIDUALLY AND § D/B/A ANGELIC INTERNATIONAL, § EURO CREDIT AND EXCHANGE BANK LTD., AND § DIAMOND GLOBAL HOLDING TRUST § § Defendant, § **and** § § (1) ADELE LOUROS § § Relief-Defendant. § | Case No.: CIV-01-999-W |

## ORDER HOLDING JOHN COLLINS
## IN CIVIL CONTEMPT OF COURT

On November 18, 2002, the Court conducted a hearing on the Application for Order to Show Cause Against John Collins ("Collins"), filed jointly by the Receiver, J. Chris Condren ("Receiver"), and the Plaintiff, the Securities and Exchange Commission ("Commission"). Based upon the pleadings, evidence presented at the hearing and the stipulations of the parties, the Court makes the following findings of fact and conclusions of law:

1. John Collins, a resident of Lawrenceville, Illinois, was delivered a copy of this Court's Preliminary Injunction and Order Freezing Assets, Requiring Accountings, Prohibiting Destruction and Alteration of Documents, Authorizing Expedited Discovery and Requiring Repatriation of Funds and Assets (Preliminary Injunction") and this Court's Order Appointing Temporary Receiver on July 13, 2001. The Receiver, in writing and orally, advised Collins that any property in his possession, or that came into his possession, belonging to Garry W. Stroud,

Defendant in this proceeding, was subject to the asset freeze portion of the Preliminary Injunction as well as the Order Appointing Receiver. Collins, therefore, had actual knowledge of the Court's Preliminary Injunction and Order Appointing Receiver.

2. Collins and Stroud were jointly promoting an enterprise known as "Main Event Championship Wrestling." Prior to the Commission's suit, Stroud caused in excess of $200,000 of investor funds derived from the scheme alleged in the Commission's complaint to be transferred to Collins and used to promote this enterprise. Collins was, therefore, an agent for Stroud, within the meaning of the term used in the Court's Preliminary Injunction.

3. After receiving the Preliminary Injunction and the Order Appointing Temporary Receiver, Garry W. Stroud caused the sum of $162,000 to be wire transferred into a bank account controlled by Collins. Upon receipt of the $162,000, Collins, without the Court's permission and without notice to the Receiver or the Commission, withdrew these funds and used them for his own purposes, including paying expenses associated with Main Event Championship Wrestling.

4. Collins repeatedly assured the Receiver he intended to deliver property in his possession, and properly considered subject to the Receivership Order, to the Receiver. Despite repeated demands to turn over the property, Collins has failed to turnover any of the property.

5. The Court entered an Order directing Collins to appear and show cause why he should not be held in contempt of court. Collins was lawfully served with a copy of this Order and appeared herein, represented by counsel. The Court has personal jurisdiction over John Collins.

6. Based upon the foregoing, Collins directly violated the terms of the Preliminary Injunction by dissipating funds in his possession and subject to the Preliminary Injunction.

Further, Collins knowingly aided and abetted Stroud in violating the Preliminary Injunction by accepting and dissipating funds from Stroud after acquiring actual knowledge of this Court's Preliminary Injunction and Order Appoint Temporary Receiver.

ACCORDINGLY, IT IS ORDERED, ADJUDGED AND DECREED that John Collins is hereby found in civil contempt of this Court's orders.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that John Collins shall, within 30 days of the date of this order, remit to the Receiver the sum of $162,000.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that John Collins shall, within 30 days of the date of this order, turnover to the Receiver at his office, all property in his possession custody or control acquired with any funds traceable to Defendant or in which Defendant has any interest. In lieu of this provision of this order, Collins may remit the sum of $25,000 to the Receiver being the represented fair market value of these items.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Receiver shall promptly notify the Court of Collin's compliance with, or failure to comply with the terms of this order. Should Collins fail to comply with any term of this order, the Court will conduct further hearings on appropriate remedies to coerce Collins into complying with this order.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

FROM : LAW OFFICE OF DAVID M WILLIAMS   PHONE NO. : 618 842 3517        Nov. 18 2002 01:05PM P2

FROM : LAW OFFICE OF DAVID M WILLIAMS   PHONE NO. : 618 842 3517        Nov. 18 2002 12:42PM P5

APPROVED AS TO FORM AND CONTENT

BY: _____
John Collins

BY: _____
David M. Williams
Illinois ARDC # 03125781
308 E. Main Street
Fairfield, IL 62837
618 842 9171
618 842 3517 (facsimile)
Attorney for John Collins

BY: _____
Harold R. Loftin, Jr.
Texas Bar No.12487090
United States Securities and Exchange Commission
Fort Worth District Office
Burnett Plaza, Ste. 1900
801 Cherry Street, Unit # 18
Fort Worth, Texas 76102
817 978 6450
817 978 4927 (facsimile)

BY: _____
James E. Golden, Jr.
Oklahoma Bar No. 03434
Pierce, Couch, Hendrickson, Baysinger & Green LLP
P.O. Box 26350
Oklahoma City, Oklahoma 73126 0350
405 235 1611
405 235 2904 (facsimile)
Attorney for J. Chris Condren, Receiver